FILED
John E. Triplett, Acting Clerk
United States District Court
By CAsbell at 1:25 pm, Jan 13, 2021

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

TYRON BERNARD BRADLEY

Case No. 2:17cr016

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

  ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  ☐ Time served.

If the defendant's sentence is reduced to time served:

  ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant contends his medical conditions, i.e. diabetes, high blood pressure, asthma, and failing kidneys, together with the risk of COVID-19, qualify as "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c) that warrant compassionate release. The Court concludes that Defendant has met his burden to show extraordinary and compelling reasons under § 3582(c).

That is not the end of the Court's analysis, however. First, the Court finds that Defendant has failed to show a sufficient release plan for the Court to evaluate Defendant's individual circumstances related to COVID-19. See, e.g., United States v. McCloskey, No. 4:18-CR-260, 2020 WL 3078332, at *5 (S.D. Ga. June 9, 2020). For example, Defendant states that, upon release, he will live with Jennifer Walker, but he fails to explain who Ms. Walker is, fails to show evidence that she indeed agreed to Defendant's residing with her, and fails to show that Ms. Walker's residence is approved by probation. Defendant also claims to have a job upon release, but he does not provide evidence of same. Finally, Defendant claims to have health

3

insurance upon release, but he fails to provide evidence of same. Defendant has failed to show that his being released is preferable over his staying at his facility where he receives proper medical care.

Moreover, the factors contained in 18 U.S.C. § 3553(a) weigh in favor of Defendant serving the sentence imposed. In the underlying case, Defendant sold various controlled substances to an undercover agent on multiple occasions. He was attributed with approximately ninety-eight grams of Molly, 152 grams of heroin/fentanyl mixture, three grams of cocaine, and three grams of heroin. Defendant pleaded guilty to a lesser-included offense of possession with intent to distribute forty grams or more of fentanyl. Defendant's advisory guidelines range was sixty-three to seventy-eight months' imprisonment. The Court sentenced Defendant to seventy-two months' imprisonment. Currently, Defendant's projected release date is July 15, 2022, meaning he has about eighteen months left to serve. If Defendant were released now, he will have served well below his guidelines range. Moreover, Defendant has a previous felony drug conviction, for which he was sentenced to eighty-four months' imprisonment after benefitting from a downward departure but before receiving a reduction in sentence to sixty-eight months' imprisonment as a result of a retroactive guidelines amendment. See United States v. Bradley, No. 2:06-cr-034-JRH-JEG (S.D. Ga. June 22, 2007), ECF Nos. 46, 50. After he completed his sentence and was serving a period of supervised release, Defendant tested positive for marijuana. It appears his past criminal activity did not deter him from committing another offense. Indeed, Defendant has been sanctioned three times by the Bureau of Prisons for his behavior. The Court concludes that granting Defendant compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

Jan 13, 2021

_____
UNITED STATES DISTRICT JUDGE